944 F.2d 900
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In re ASBESTOS-RELATED LITIGATION, Appellee.
James R. ABERNETHY, Robert L. Armstrong, W.D. Baldwin,
Raymond Max Beckham, Nellie Kate Beddingfield, Bobby E.
Blankenship, Brenda Bridges, Thomas J. Cauthen, Gene W.
Cheek, Fred Cooper, Boyd Harold Crawford, Clyde S. Crawford,
James M. Crawford, John H. Crawford, Fay C. Crawley, V.V.
Darby, Zeb Davis, Jr., B.G. Dellinger, Walter Dunn, Joe
Edwards, Alton Neal Ellis, Robert H. Ensley, C.M. Finger, R.
Scott Goforth, Rutherford B. Hayes, Lanny J. Hope, Robert E.
Huskins, Ray B. Ivey, Oletha Day Jones, Jack Kinley, Paul
Leonard, Buford Liverett, Ted Lowe, Boyd L. Mayhew, W.P.
McAndrew, Henry A. Martin, Raleigh N. Martin, Robert H.
McDowell, Betty Ruth McMurry, Ruby Payne McMurry, Martha B.
Morris, Thomas H. Mullinax, Hosea E. Myers, Clyde W. Newton,
Claude S. Nichols, William O'dare, Paul D. Painter, Hazel T.
Perkins, Boyd M. Plummer, Vernon H. Price, William H. Queen,
James C. Robb, Hazel M. Robinson, Sterlin O. Shelby, Worth
Short, Hugh Q. Smith, Woodrow W. Smith, Ricky J. Spake, Ben
Tate, Charles A. Taylor, Charles C. Trexler, C.K. Williams,
George P. Williams and Ethel O. Wilson, Plaintiffs-Appellees,
v.
WESTINGHOUSE ELECTRIC CORPORATION, Defendant-Appellant.
In re WESTINGHOUSE ELECTRIC CORPORATION, Petitioner.
 Nos. 90-3189, 91-3040.
 United States Court of Appeals, Fourth Circuit.
 Argued June 7, 1991.
Decided Sept. 20, 1991.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Richard L. Voorhees, Chief District Judge. (CA-WDCP-83-1)
 On Petition for Writ of Mandamus
 Argued: Geoffrey Cornell Hazard, Jr., Sterling Professor of Law, Yale Law School, New Haven, Conn., for appellant; Janet Ward Black, Wallace, Whitley and Black, Salisbury, N.C., Arthur R. Miller, Harvard Law School, Cambridge, Mass., for appellees.
 On Brief: David C. Landin, James H. Price, III, Scott S. Cairns, Dana L. Rust, McGuire, Woods, Battle & Boothe, Richmond, Va., for appellant; Ronald L. Motley, Susan Nial, Ness, Motley, Loadholt, Richardson & Poole, Charleston, S.C., for appellees.
 W.D.N.C.
 APPEAL DISMISSED & WRIT DENIED.
 Before SPROUSE and WILKINS, Circuit Judges, and JOSEPH F. ANDERSON, JR., United States District Judge for the District of South Carolina, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 This appeal and petition for a writ of mandamus arise from a discovery order entered in an asbestos personal injury case pending in the United States District Court for the Western District of North Carolina between Westinghouse Electric Corporation ("Westinghouse") and a number of plaintiffs ("Appellees"), including James R. Abernathy. To enable it to more effectively and efficiently handle the multitude of asbestos personal injury cases pending in that district, the court created a coordinated proceedings docket in 1983. On October 24, 1990, the district court granted Appellees' motion to compel Westinghouse to designate witnesses for deposition, pursuant to Fed.R.Civ.P. 30(b)(6), and to produce certain categories of documents. Westinghouse had resisted discovery and sought a protective order contending that the discovery requested was overly burdensome. The district court denied this motion for a protective order. On November 5, 1990, Westinghouse filed a motion seeking to have the district court certify its interlocutory order for appeal pursuant to 28 U.S.C.A. § 1292(b) (West Supp.1991). Appellees opposed this motion.
 
 
 2
 On November 21, 1990, Westinghouse appealed to this court, pursuant to 28 U.S.C.A. § 1291 (West Supp.1991), claiming that the order of October 24, 1990, was a final order and that Westinghouse, therefore, could appeal as a matter of right. Appellees then filed a motion to dismiss the appeal on December 5, 1990. This court, by an order filed December 21, 1990, deferred ruling on this motion to dismiss the appeal until the district court had ruled on the motion to certify an interlocutory appeal. On March 12, 1991, Westinghouse then petitioned this court, pursuant to 28 U.S.C.A. § 1651 (West 1966) and Fed.R.App.P. 21(a), to issue a writ of mandamus to the United States District Court for the Western District of North Carolina to vacate or modify its order of October 24, 1990.
 
 
 3
 On March 13, 1991, the district court denied Westinghouse's motion to certify an appeal under 28 U.S.C.A. § 1292(b) (West Supp.1991). As stated above, this court had deferred ruling on Appellees' motion to dismiss the appeal in this case until the district court had ruled on the interlocutory appeal issue. Because the district court has denied this request to certify an interlocutory appeal, we now grant Appellees' motion to dismiss the appeal, and we deny Westinghouse's petition for a writ of mandamus.
 
 Motion to Dismiss
 
 4
 This court has jurisdiction over appeals from all "final decisions" of the district courts. 28 U.S.C.A. § 1291. In Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949), the Supreme Court created what has become known as the "collateral order" doctrine. Under this doctrine,
 
 
 5
 a decision of a district court is appealable if it falls within "that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action[; (2) is] too important to be denied review[;] and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated."
 
 
 6
 Mitchell v. Forsyth, 472 U.S. 511, 524-25 (1985) (citing Cohen, 337 U.S. at 546).
 
 
 7
 Normally, a discovery order is interlocutory and thus not appealable under 28 U.S.C.A. § 1291. 8 C. Wright & A. Miller, Federal Practice and Procedure § 2006 (1970). Westinghouse argues that the discovery order challenged in this case meets all of the requirements of the "collateral order" doctrine. We disagree.
 
 
 8
 The discovery ordered is not "completely separate," Coopers & Lybrand v. Livesay, 437 U.S. 463, 468 (1978); but rather, directly involves Appellees' complaints below. Appellees contend that they were injured by the asbestos in the products manufactured by Westinghouse. To prove their theories of recovery, Appellees have engaged in the discovery permitted under the Federal Rules of Civil Procedure. This discovery is not collateral to the action below.
 
 
 9
 Additionally, Westinghouse's true complaint is with the scope of the discovery ordered and the alleged burden it will cause. None of the cases Westinghouse relies on, however, involve pure scope of discovery issues. They either concern nonparties or are otherwise separable from the underlying action.
 
 
 10
 The district court heard Westinghouse's argument regarding the potential burden of this order and denied its motion for a protective order. We will not now stretch the collateral order doctrine in such a way as to second guess the district court on this discovery issue. We hold that the decision of the district court is interlocutory and, therefore, not appealable. The motion to dismiss the appeal is granted.
 
 Petition for Mandamus
 
 11
 "The remedy of mandamus is a drastic one, to be invoked only in extraordinary circumstances." Kerr v. United States District Court, 426 U.S. 394, 402 (1976). Although this court has indicated that in certain "extraordinary circumstances" it will exercise its authority and grant the remedy of supervisory mandamus, see, e.g., In re Virginia Elec. & Power Co., 539 F.2d 357 (4th Cir.1976), "[t]he rule is[, nevertheless,] firmly and universally established that mandamus cannot be used to challenge ordinary discovery orders," In re Underwriters at Lloyd's, 666 F.2d 55, 58 (4th Cir.1981).
 
 
 12
 Westinghouse urges this court to find that the district court not only abused its discretion by granting Appellees' motion to compel, but that it abdicated its judicial responsibility by failing to exercise any judgment whatsoever and by failing to address the issues squarely presented to it. Westinghouse alleges that the discovery ordered is irrelevant and that its production would inflict a tremendous burden and expense on it. Inconvenience and expense alone, however, are not enough to overcome Westinghouse's burden in this matter. See, e.g., In re Estelle, 516 F.2d 480 (5th Cir.1975), cert. denied, 426 U.S. 925 (1976).
 
 
 13
 Counsel for Appellees conceded at oral argument before this court that they had been willing to narrow the scope of the discovery requested during oral argument on the motion to compel before the district court. Westinghouse never asked the district court to reconsider or clarify its order. Instead it immediately turned to this court. At oral argument before this court, counsel for Appellees again conceded that they could narrow or modify the discovery requested. We hold that mandamus is not appropriate in this matter. At this stage the supervisory power of this court is not required.*
 
 
 14
 APPEAL DISMISSED.
 
 
 15
 PETITION FOR WRIT OF MANDAMUS DENIED.
 
 
 
 *
 We note that, subsequent to oral argument in this case, the Judicial Panel on Multidistrict Litigation transferred these cases, as well as asbestos personal injury cases pending in all other districts, to the Eastern District of Pennsylvania for coordinated pretrial proceedings. In re Asbestos Products Liability Litigation (No. VI), No. 875, slip op. at 16 (J.P.M.L. July 29, 1991)